NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHAN R. BYRD,<br><br>  Plaintiff.<br><br>  v.<br><br>CAPTAIN FRISK,<br><br>  Defendant. | No. 25cv795 (EP)<br><br>**MEMORANDUM ORDER** |

**PADIN**, **District Judge.**

*Pro se* Plaintiff Stephan R. Byrd, a prisoner confined in the United States Penitentiary Hazelton, in Bruceton Mills, West Virginia ("U.S.P. Hazelton"), filed this action on January 29, 2025 without paying the requisite filing fee or applying to proceed *in forma pauperis* ("IFP") without prepayment of fees. D.E. 1.

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed IFP.

The entire fee to be paid in advance of commencing any civil action is $405. L. Civ. R. App'x K. That fee includes a filing fee of $ 350 plus an administrative fee of $55, for a total of $405. *Id.* A prisoner who is granted IFP status will, instead, be assessed a filing fee of $350 and will not be responsible for the $55 administrative fee. *Id.* A prisoner who is denied IFP status must pay the full $405, including the $350 filing fee and the $55 administrative fee, before the civil action will be filed.

Title 28, Section 1915 of the United States Code establishes certain financial requirements for prisoners who are attempting to bring a civil action IFP. Under § 1915, a prisoner seeking to bring a civil action IFP must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his action. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. *Id.*

Plaintiff may not have known when he submitted this action that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (IFP actions); 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant). If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

Because Plaintiff did not pay the filing fee or submit an IFP application, the Court will direct the Clerk to **ADMINISTRATIVELY TERMINATE** this case. The Clerk will be directed to reopen the action when Plaintiff submits an IFP application or pays the filing fee. Before seeking to reopen this matter, Plaintiff, who is currently incarcerated in West Virginia and seeks

to bring suit against a defendant who is employed in West Virginia, may wish to consider whether the District of New Jersey is a proper venue for this action.

Therefore, for the foregoing reasons,

**IT IS**, on this **8th** day of April 2025,

**ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** this action due to Plaintiff's failure to satisfy the filing fee requirement; and it is further

**ORDERED** that the Clerk shall supply to Plaintiff a blank form "Affidavit of Poverty and Account Certification (Civil Rights)" to be used if Plaintiff wishes to seek IFP status in this matter; and it is further

**ORDERED** that if Plaintiff wishes to re-open this action, he shall so notify the Court, in writing addressed to the Clerk of the Court, at Martin Luther King Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey, 07102, within **thirty (30) days** from the date of entry of this Order. Plaintiff's writing shall include either (1) a complete IFP application, including an affidavit of indigence and an account certification from the appropriate official of each prison at which the prisoner is or was confined, or (2) the $405 filing fee; and it is further

**ORDERED** that the Clerk shall reopen this case upon receipt of the filing fee or an IFP application; and it is finally

**ORDERED** that the Clerk shall send copies of this Memorandum Order to Plaintiff by regular mail.

_____
Evelyn Padin, U.S.D.J.